```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**J.B. HUNT TRANSPORT, INC.**                                      PLAINTIFF

     v.            Civil No. 07-5235

**FREIGHTLINER CORPORATION;**
**FREIGHTLINER LLC; BILL HINSON;**
**and DETROIT DIESEL CORPORATION**                                DEFENDANTS

                         **O R D E R**

   Now on this 9th day of January, 2008, comes on for consideration **The Defendants' Motion To File Under Seal** (document #2), to which there has been no response. Based on its review of the motion, and the documents submitted for *in camera* review, the Court finds and orders as follows:

   1.   This case was commenced by the plaintiff, **J.B. Hunt Transport, Inc.** ("Plaintiff") in the Circuit Court of Washington County, Arkansas, as a declaratory judgment action seeking a declaration of its rights pursuant to a Confidential Agreement between it and the defendants **Freightliner Corporation, Freightliner LLC, and Detroit Diesel Corporation** (the "Corporate Defendants").

   2.   The matter was removed to this Court on the basis of diversity jurisdiction, but no documents from the state court file were attached to the Notice Of Removal, although the Notice Of Removal states that "copies of all pleadings and orders filed to date are attached to this Notice as Exhibit 1." Copies of the

documents were, however, submitted to the Clerk of Court for *in camera* review by the Court, pursuant to the motion now under consideration, which was filed the day afer the Notice Of Removal. The Court has now conducted such a review.

   3.  In its Complaint For Declaratory Judgment, Plaintiff alleges, among other things:

   *   that in 2003, Plaintiff initiated a lawsuit against the Corporate Defendants in the Circuit Court of Washington County, Arkansas (Case No. CV 2003-1429-4);

   *   that since 2003, Plaintiff and the Corporate Defendants have been involved in litigation pending in New York (the "New York Litigation");

   *   that on June 3, 2005, Plaintiff and the Corporate Defendants entered into a Confidential Agreement which settled Case No. CV 2003-1429-4) and set forth their agreement as to how the New York Litigation would be handled;

   *   that the Corporate Defendants are taking actions in the New York Litigation which would violate the Confidential Agreement; and

   *   that Plaintiff is entitled to a declaration of its rights pursuant to the Confidential Agreement.

   4.  It appears that the entire case file in the state court was placed under seal when it was initially filed there.  In the motion now under consideration, the Corporate Defendants ask that

the entire file of the removed case be placed under seal, or at the least, the Court should seal the Confidential Agreement and "any pleading, attachment or document that quotes directly from the Agreement or incorporates any substantial provisions thereof."

The reason given for such sweeping secrecy is that the Confidential Agreement is said to contain "both confidential and proprietary information concerning ongoing litigation in a number of different jurisdictions" which, if made public, "would work an extreme prejudice to all Parties involved."

5.   The Court's analysis of the motion is conducted against the backdrop of its strong conviction that the business of the United States Courts -- established with, and maintained by, the public's tax dollars -- should be public and not conducted in secret by virtue of a court order sealing a file.  Accordingly, when a request to seal a court file is made, the Court has an obligation to weigh the litigants' need for secrecy against the public's right to know what is going on in its courts.

The Supreme Court in **Nixon v. Warner Communications, Inc.**, **435 U.S. 589 (1978),** explained that

> the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.  In contrast to the English practice, American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit.  The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, and

> in a newspaper publisher's intention to publish information concerning the operation of government.
> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.
> It is difficult to distill from the relatively few judicial decisions a comprehensive definition of what is referred to as the common-law right of access or to identify all the factors to be weighed in determining whether access is appropriate. The few cases that have recognized such a right do agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the parties to the particular case.

**Id.**, **435 U.S. at 597-98** (internal citations omitted).

The Eighth Circuit has established certain guidelines in resolving issues of common law public access to court records. It has held that there is a presumption in favor of such access. **U.S. v. McDougal**, **103 F.3d 651 (8th Cir. 1996)**. While the court in **McDougal** noted that the presumption is not a "strong" one, in a later case it clarified that "only the most compelling reasons can justify non-disclosure of judicial records." **In re Neal**, **461 F.3d 1048, 1053 (8th Cir. 2006)**, citing **In re Gitto Global Corp.**, **422 F.3d 1 (1st Cir. 2005)**.

6. The Court has reviewed the Confidential Agreement *in camera*, and, weighing the relevant facts and circumstances of this case, is not persuaded that the document is of such a sensitive nature that it would justify the extraordinary measure of denying public access to court proceedings by sealing the file.  Several considerations inform this decision:

* Information about the New York Litigation appears to be public knowledge.

* Information irrelevant to the issues now before the Court -- or unnecessary to its decisions -- can be redacted from the Confidential Agreement.

* The fact that the Confidential Agreement includes defense provisions relevant to the handling of the New York Litigation has already been publicized by the documents filed of record in this case.

* The details related to handling of the New York Litigation would seem to be of little interest to anyone except those involved in the trial of the cases made the subject of the Confidential Agreement.  Accordingly, any potential for misuse of that information can be controlled and prevented by the presiding judges in those cases.

In sum, the Court is not persuaded that it should cast over these proceedings a cloak of secrecy simply to further, or at least not to interfere with, tactical strategies the parties seek

to employ in unrelated litigation.  If the parties had desired to resolve their disputes in an entirely private forum, they could have taken advantage of the numerous mediation and arbitration services available -- or, perhaps, have continued with the litigation in state court where they had initially gained the secrecy they seek.  The motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that **The Defendants' Motion To File Under Seal** (document #2) is **denied**.

**IT IS FURTHER ORDERED** that the removing defendants are to supplement their Notice Of Removal with the appropriate state court documents within ten (10) days.

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren  
                                      **JIMM LARRY HENDREN**  
                                      **UNITED STATES DISTRICT JUDGE**