```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**J.B. HUNT TRANSPORT, INC.**                                    PLAINTIFF

      v.          Civil No. 07-5235

**FREIGHTLINER CORPORATION;**
**FREIGHTLINER LLC; BILL HINSON;**
**and DETROIT DIESEL CORPORATION**                               DEFENDANTS

### O R D E R

Now on this 11th day of January, 2008, comes on for consideration the **Motion And Brief In Support Of Allianz Insurance Company's Motion To Intervene In Plaintiff's Action For Declaratory Judgment** (document #4), to which no objections have been made, and from said motion and the supporting documentation, the Court finds and orders as follows:

    1.  This case was commenced in the Circuit Court of Washington County, Arkansas, as a declaratory judgment action seeking a declaration of plaintiff's rights pursuant to a Confidential Agreement between plaintiff and all defendants except Bill Hinson. This Confidential Agreement contains, among other things, provisions relating to the defense of certain litigation proceeding in New York (the "New York Litigation") in which defendants Freightliner Corporation and Freightliner LLC ("Freightliner") and Detroit Diesel Corporation ("Detroit Diesel") are defendants.

    2.  Movant Allianz Insurance Company ("Allianz") supports

its motion with a copy of portions of an insurance policy issued by Allianz which affords coverage to Detroit Diesel, and alleges that, pursuant to this policy, it may have liability in the New York Litigation.  One provision of the policy is that Allianz has "the right to investigate, defend and settle the claim as we deem expedient." Allianz further alleges that in the instant case, to which it was not made a party, it has been enjoined from settling the New York Litigation without the consent of both the plaintiff and all corporate defendants.  It seeks to intervene to protect its financial interests in investigating, defending, and possibly settling the New York Litigation.

    3.    **F.R.C.P. 24** governs interventions. **Subsection (a)(2)** of that rule provides that on timely motion, the Court must permit the intervention of anyone who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

As noted by Allianz, the transaction which is the subject of this action, the Confidential Agreement, impedes its ability to negotiate a settlement in the New York Litigation.  Allianz contends that its liability in that litigation could be greater if determined at trial than what might be achieved through settlement.  It also contends that its interests cannot be said to be adequately represented by existing parties, given the terms of

the Confidential Agreement and the fact that some of the parties to that Agreement are not its insureds and would have - at least potentially - different interests.

4.   The Court finds the arguments of Allianz persuasive, especially in the absence of any objection thereto, and also considers the motion timely, based upon the assertion of Allianz that it only learned of the Confidential Agreement in late 1997, and this case was only removed in late December, 1997.  For these reasons, the motion will be granted.

**IT IS THEREFORE ORDERED** that the **Motion And Brief In Support Of Allianz Insurance Company's Motion To Intervene In Plaintiff's Action For Declaratory Judgment** (document #4) is **granted,** and Allianz is directed to file its Complaint In Intervention within ten (10) days of this Order.

**IT IS SO ORDERED.**

      **/s/ Jimm Larry Hendren**
      **JIMM LARRY HENDREN**
      **UNITED STATES DISTRICT JUDGE**