IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J.B. HUNT TRANSPORT, INC.                                    PLAINTIFF

          v.              Civil No. 07-5235

FREIGHTLINER CORPORATION;
FREIGHTLINER LLC; BILL HINSON;
and DETROIT DIESEL CORPORATION                               DEFENDANTS

ALLIANZ INSURANCE COMPANY                                    INTERVENOR

                          O R D E R

     Now  on  this  1st  day  of  February,  2008,  come  on  for
consideration the following motions:

     *     plaintiff's **Combined Motion For Continuance And Motion
To Expedite Discovery** (document #11);

     *     **The Defendants Freightliner Corporation, now existing as
Freightliner, LLC, and Detroit Diesel Corporation's Motion to in
[sic] Opposition to the Plaintiff's Motion to Expedite Discovery
and to Quash the Plaintiff's Subpoena *Duces Tecum*** (document #14);
and

     *     **Allianz Insurance Company's Motion To Quash Plaintiff's
Subpoena Duces Tecum** (document #15),

and from said motions, and the responses thereto, the Court finds
and orders as follows:

     1.  Intervenor Allianz Insurance Company ("Allianz") has
moved this Court to vacate a Temporary Restraining Order granted
by the Circuit Court of Washington County, Arkansas, from whence

this case was removed.  It requested an expedited hearing on the matter, and a hearing was scheduled for January 18, 2008.

2.   Plaintiff J.B. Hunt Transport, Inc. ("J.B. Hunt") moved for a continuance of the hearing date, and for expedited discovery, specifically the noticed depositions of corporate representatives of Detroit Diesel Corporation ("Detroit Diesel"); Freightliner Corporation and Freightliner, LLC (collectively "Freightliner"); and Allianz.  All parties subject to these notices of depositions (and subpoenas *duces tecum* which apparently were served in connection therewith) have moved to quash.

3.   J.B. Hunt's motion will be granted insofar as it requests a continuance of the January 18, 2008, hearing.  The hearing in question has been rescheduled for February 26, 2008.

4.   Allianz does not object to the deposition of its corporate representative, but does object to that person being required to travel to Arkansas for the purpose of the deposition. J.B. Hunt responds that it is agreeable to taking this deposition in California, which is apparently where the witness in question is located.  Thus, J.B. Hunt's motion for expedited discovery - as to this deposition - and the motion of Allianz to quash, will be denied as moot.

5.   Detroit Diesel and Freightliner contend that there is no basis for deviation from the basic discovery schedule outlined in **F.R.C.P. 26,** and no stipulation between them and J.B. Hunt to so

-2-

deviate.  They also contend that the information sought by J.B. Hunt is protected by both the attorney-client privilege and the attorney work product doctrine.  Finally, Freightliner contends that there is no basis to require its corporate representative to travel from Portland, Oregon, to Rogers, Arkansas, for deposition, especially on short notice.

J.B. Hunt responds that "it will be essential to J.B. Hunt to prove that there was a principal/agent relationship by and between Freightliner, DDC and Allianz."  It contends that the deposition it desires of the corporate representatives of Freightliner and Detroit Diesel is "for the purpose of proving that this relationship existed at all relevant times and that Allianz was bound by the Confidential Agreement."  It promises not to get into privileged matters, and indicates a willingness to cooperate in the location of the depositions.

The Court is not persuaded of the merits of J.B. Hunt's request for expedited discovery over the objection of these parties.  It appears that the matter to be taken up at the hearing on February 26, 2008, is basically one of contract, governed primarily if not exclusively by the text of documents already available to J.B. Hunt and by legal precepts.  In addition, because Allianz does not oppose the deposition of its corporate representative, J.B. Hunt will have the opportunity to develop any additional facts directly from the entity it seeks to bind by way

-3-

of restraining order.  For these reasons, the Court finds that the motion to quash of Freightliner and Detroit Diesel should be granted.

IT IS THEREFORE ORDERED that plaintiff's **Combined Motion For Continuance And Motion To Expedite Discovery** (document #11) is **granted in part and denied in part**.  The motion is **granted** as to the request for continuance, and **denied** as to all other issues.

IT IS FURTHER ORDERED that **The Defendants Freightliner Corporation, now existing as Freightliner, LLC, and Detroit Diesel Corporation's Motion to in [sic] Opposition to the Plaintiff's Motion to Expedite Discovery and to Quash the Plaintiff's Subpoena *Duces Tecum*** (document #14) is **granted.**

IT IS FURTHER ORDERED that **Allianz Insurance Company's Motion To Quash Plaintiff's Subpoena Duces Tecum** (document #15) is **denied as moot.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

-4-